1  MARSHALL C. WALLACE (BAR NO. 127103)
   KEITH D. YANDELL (BAR NO. 233146)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  Three Embarcadero Center, 12th Floor
   San Francisco, CA  94111-4074
4  Phone:  (415) 837-1515
   Fax:  (415) 837-1516
5  E-Mail:  mwallace@allenmatkins.com
             kyandell@allenmatkins.com
6
   Attorneys for Defendant
7  Wells Fargo Bank, N.A., successor by merger with
   Wells Fargo Bank Southwest, N.A., f/k/a Wachovia
8  Mortgage, FSB, f/k/a World Savings Bank, FSB

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  ROBERTA ALVAREZ and PAUL        Case No. 3:14-CV-01925 JCS
    ALVAREZ,
13                                  **DEFENDANT WELLS FARGO BANK,**
                Plaintiff,          **N.A.'S MOTION TO DISMISS**
14
         vs.                        Date:  June 20, 2014
15                                  Time:  9:30 a.m.
    WACHOVIA BANK, FSB aka          Ctrm:  G
16  WACHOVIA MORTGAGE
    CORPORATION; WELLS FARGO
17  BANK, N.A. aka WELLS FARGO HOME
    MORTGAGE; HOME MORTGAGE;
18  PRIME MORTGAGE, INC.; EDWARD M.
    GARCIA, an individual; NEW CENTURY
19  TITLE COMPANY; and DOES 1-20,
    inclusive,
20
                Defendants.

21        TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

22        PLEASE TAKE NOTICE that at 9:30 a.m. on June 20, 2014, in Courtroom G of the

23  above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102,

24  Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank

25  Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, and

26  erroneously sued as Wachovia Bank, FSB ("Wells Fargo") will move to dismiss each

27  Claim for Relief in the Complaint.

28        Wells Fargo seeks an Order dismissing the Complaint, *with prejudice*.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

988697.03/LA                                        Motion to Dismiss

1   The grounds for this motion to dismiss under Federal Rules of Civil Procedure

2   12(b)(6), which are more fully explained in the Memorandum of Points and Authorities,

3   are summarized as follows:

4   First Claim for Relief:  Fraud & Deceit

5   The Complaint fails to state a claim because:  (i) Plaintiffs are estoped to bring the

6   claim; (ii) Plaintiffs do not state facts sufficient to support a claim; (iii) Plaintiffs' claim is

7   time-barred; and (iv) Plaintiffs do not plead fraud with the particularity that Rule 9(b)

8   requires.

9   Second Claim for Relief:  Violation of Civil Code § 2923.5

10  The Complaint fails to state a claim because:  (i) Plaintiffs are estoped to bring the

11  claim; (ii) Plaintiffs do not state facts sufficient to support a claim; and (iii) Plaintiffs'

12  claim is time-barred.

13  Third Claim for Relief:  Violation of the Real Estate Settlement Procedures Act

14  The Complaint fails to state a claim because:   Plaintiffs do not state facts sufficient

15  to support a claim.

16  Fourth Claim for Relief:  Violation of the Truth in Lending Act

17  The Complaint fails to state a claim because:  (i) Plaintiffs are estoped to bring the

18  claim; (ii) Plaintiffs do not state facts sufficient to support a claim; and (iii) Plaintiffs'

19  claim is time-barred.

20  Fifth Claim for Relief:  Violation of Business & Professions Code § 17200

21  The Complaint fails to state a claim because:  (i) Plaintiffs are estoped to bring the

22  claim; (ii) Plaintiffs do not state facts sufficient to support a claim; and (iii) Plaintiffs'

23  claim is time-barred.

24  Sixth Claim for Relief:  Breach of Contract

25  The Complaint fails to state a claim because:  (i) Plaintiffs are estoped to bring the

26  claim; (ii) Plaintiffs do not state facts sufficient to support a claim; and (iii) Plaintiffs'

27  claim is time-barred.

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

988697.03/LA

Motion to Dismiss

1    <u>Seventh Claim for Relief:  Breach of Implied Covenant of Good Faith and Fair</u>

2    <u>Dealing</u>

3        The Complaint fails to state a claim because:  (i) Plaintiffs are estopped to bring the

4    claim; (ii) Plaintiffs do not state facts sufficient to support a claim; and (iii) Plaintiffs'

5    claim is time-barred.

6        <u>Eighth Claim for Relief:  Breach of Fiduciary Duty</u>

7        The Complaint fails to state a claim because:  (i) Plaintiffs are estopped to bring the

8    claim; (ii) Plaintiffs do not state facts sufficient to support a claim; and (iii) Plaintiffs'

9    claim is time-barred.

10        <u>Ninth Claim for Relief:  Declaratory Relief</u>

11        The Complaint fails to state a claim because:  (i) Plaintiffs are estopped to bring the

12    claim; (ii) Plaintiffs do not state facts sufficient to support a claim; and (iii) Plaintiffs'

13    claim is time-barred.

14        <u>Tenth Claim for Relief:  Rescission</u>

15        The Complaint fails to state a claim because:  (i) Plaintiffs are estopped to bring the

16    claim; (ii) Plaintiffs do not state facts sufficient to support a claim; and, (iii) Plaintiffs'

17    claim is time-barred.

18        <u>Eleventh Claim for Relief:  Quiet Title</u>

19        The Complaint fails to state a claim because:  (i) Plaintiffs are estopped to bring the

20    claim; (ii) Plaintiffs do not state facts sufficient to support a claim; and (iii) Plaintiffs'

21    claim is time-barred.

22

23

24

25

26

27

28

1        This motion will be based on this notice, the attached Memorandum of Points and

2    Authorities, the accompanying Request for Judicial Notice and exhibits thereto, the

3    documents on file in this action, the argument of counsel, and on such other information as

4    the Court may deem appropriate.

5

6    Dated:  May 2, 2014                    ALLEN MATKINS LECK GAMBLE
                                              MALLORY & NATSIS LLP
7                                          MARSHALL C. WALLACE
                                           KEITH D. YANDELL
8                                          KETAKEE R. KANE

9                                          By:        /s/ Keith D. Yandell
                                           _____
10                                              KEITH D. YANDELL
                                                Attorneys for Defendant
11                                              Wells Fargo Bank, N.A., successor by
                                                merger with Wells Fargo Bank
12                                              Southwest, N.A., f/k/a Wachovia
                                                Mortgage, FSB, f/k/a World Savings
13                                              Bank, FSB

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

988697.03/LA                              -4-                          Motion to Dismiss

1

## **TABLE OF CONTENTS**

2

**Page**

3   I.   INTRODUCTION ..................................................................................................1

4   II.   ALLEGATIONS OF THE COMPLAINT AND JUDICIALLY
        NOTICEABLE FACTS..........................................................................................2

5
        A.   Plaintiffs Admittedly Default On Their Loan Obligation ...........................2
6
        B.   Plaintiffs Fail To Disclose The Claims They Now Bring In
7            Either Of Their Bankruptcy Cases .............................................................3

8   III.   ANALYSIS ...........................................................................................................4

9        A.   Legal Standard On Motion To Dismiss........................................................4

10       B.   Plaintiffs Are Estopped To Bring The Claims They Failed To
             Disclose In Their Bankruptcy Proceedings .................................................5
11
         C.   Plaintiffs' Claims Fail For Numerous Additional Reasons ..........................7
12
             1.   Plaintiffs' First Claim For Fraud & Deceit Claim Fails ...................7
13
                  (a)   The Claim Is Time-Barred ....................................................7
14
                  (b)   Plaintiffs Do Not Plead Fraud With Particularity .................8
15
         D.   Plaintiffs' Second Claim For Violation Of Section 2923.5 Fails .................9
16
         E.   Plaintiffs' RESPA Claim Fails....................................................................9
17
         F.   Plaintiffs' TILA Claim Fails ......................................................................11
18
         G.   Plaintiffs' UCL Claim Fails .......................................................................11
19
         H.   Plaintiffs' Breach of Contract Claim Fails.................................................12
20
         I.   Plaintiffs' Breach of Covenant Of Good Faith Claim Fails........................13
21
         J.   Plaintiffs' Breach of Fiduciary Duty Claim Fails ......................................13
22
         K.   Plaintiffs' Rescission, Declaratory Relief, And Quiet Title
23            Claims Fail................................................................................................13

24  IV.   CONCLUSION ...................................................................................................14

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

988697.03/LA                                    (i)

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Alicea v. GE Money Bank,*
No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813 (N.D. Cal. July
16, 2009) ................................................................................................................ 14

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009) ............................................................................................ 4

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................................ 4

*Blanco v. Am. Home Mortg. Servicing, Inc.,*
No. CIV-2-09-578-WBS-DAD, 2009 U.S. Dist. LEXIS 119338 (E.D.
Cal. Dec. 4, 2009) ................................................................................................... 4

*Buick v. World Sav. Bank,*
637 F. Supp. 2d 765 (E.D. Cal. 2008) .................................................................... 9

*Caviness v. Horizon Cmty. Learning Ctr., Inc.,*
590 F.3d 806 (9th Cir. 2010) .................................................................................. 4

*Daro v. Super. Ct.,*
151 Cal. App. 4th 1079 (2007) ............................................................................. 12

*Durning v. First Boston Corp.,*
815 F.2d 1265 (9th Cir. 1987) ................................................................................ 4

*Eng v. Bank of Am. Home Loans,*
No. C 09-3657 PJH, 2010 U.S. Dist. LEXIS 30440 (N.D. Cal. Mar.
30, 2010) ............................................................................................................... 10

*Espinoza v. Recontrust Co. N.A.,*
Case No. 09-CV-1687- IEG (RBB), 2009 U.S. Dist. LEXIS 38484
(S.D. Cal. April 19, 2010) ................................................................................... 7, 8

*Fox v. Ethicon Endo-Surgery, Inc,*
35 Cal. App. 4th 797 (2005) .................................................................................... 7

*Fullmer v. JPMorgan Chase Bank, NA,*
No. 2:09-cv-1037 JFM, 2010 U.S. Dist. LEXIS 3551 (E.D. Cal. Jan.
5, 2010) ................................................................................................................. 10

*Graybill v. Wells Fargo Bank, N.A.,*
No. C 12-05802 LB, 2013 U.S. Dist. LEXIS 34322 (N.D. Cal. Mar.
12, 2013) ............................................................................................................... 12

*Guz v. Bechtel,*
24 Cal. 4th 317 (2000) .......................................................................................... 13

*Hamilton v. State Fire & Cas. Co.,*
270 F.3d 778 (9th Cir. 2001) ............................................................................. 1, 5

**Page(s)**

*Hay v. First Interstate Bank of Kalispell, N.A.,*
    978 F.2d 555 (9th Cir. 1992) ...................................................................... 2, 5, 6, 7

*Heritage Pac. Fin., LLC v. Monroy,*
    215 Cal. App. 4th 972 (2013) ............................................................................ 12

*In re Coastal Plains,*
    179 F.3d 197 (5th Cir. 1999) ................................................................................ 5

*In re Heritage (Heritage Hotel Ltd. P'ship v. Valley Bank of Nevada),*
    160 B.R. 374 (B.A.P. 9th Cir. 1993) .................................................................. 6, 7

*Kearns v. Ford Motor Corp.,*
    567 F.3d 1120 (9th Cir. 2009) .............................................................................. 8

*Lawther v. OneWest Bank,*
    No. C 10-0054 RS, 2010 U.S. Dist. LEXIS 131090 (N.D. Cal. Nov.
    30, 2010) ............................................................................................................... 10

*Leeper v. Beltrami,*
    43 Cal. 2d 195 (1959) .......................................................................................... 14

*Macris v. Bank of Am., N.A.,*
    Case No. CV F 11-1986 LJO SKO, 2012 U.S. Dist. LEXIS 10633
    (E.D. Cal. Jan. 27, 2012) ....................................................................................... 7

*McOmie-Gray v. Bank of Am. Home Loans,*
    667 F.3d 1325 (2012) ........................................................................................... 11

*Nguyen v. Wells Fargo Bank, N.A.,*
    749 F. Supp. 2d 1022 (N.D. Cal. 2010) ............................................................ 7, 8

*Oneida Motor Freight, Inc. v. United Jersey Bank,*
    848 F.2d 414 (3d Cir. 1988) .................................................................................. 6

*Robertson v. Dean Witter Reynolds, Inc.,*
    749 F.2d 530 (9th Cir. 1984) ................................................................................. 4

*Rusdisell v. Fifth Third Bank,*
    622 F.2d 243 (6th Cir. 1980) ............................................................................... 11

*Shaterian v. Wells Fargo Bank,*
    No. C-11-920 SC, 2011 U.S. Dist. LEXIS 62165 (N.D. Cal. June 10,
    2011) ..................................................................................................................... 11

*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n,*
    165 Cal.App.3d 1214 (1985) ............................................................................... 14

*Vess v. Ciba-Geigy, Inc.,*
    317 F.3d 1097 (9th Cir. 1997) ............................................................................... 8

*Zander v. Ace Mortg. Funding LLC,*
    No. EDCV 11-1370-CAS (DTBx), 2012 U.S. Dist. LEXIS 24104
    (C.D. Cal. Feb. 23, 2012) ..................................................................................... 10

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

988697.03/LA

(iii)

Motion to Dismiss

**Page(s)**

**Statutes**

12 U.S.C. § 2605(e) ........................................................................................... 10

Cal. Bus. & Prof. Code § 17200 ........................................................................ 12

Cal. Bus. & Prof. Code § 17208 ........................................................................ 12

Cal. Code Civ. Proc. § 337(1) ...................................................................... 12, 13

Cal. Code Civ. Proc. § 338(a) .............................................................................. 9

Cal. Code Civ. Proc. § 343 ................................................................................. 13

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 4

Fed.R.Civ.P. 9(b) ................................................................................................. 8

**Treatises**

Rylaarsdam & Turner, Cal. Prac. Guide: Civ. Pro. Before Trial – Statutes of
    Limitation, (TRG 2013) ............................................................................. 14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This is yet another strike suit in the wake of the real estate market downturn attempting to hold up a mortgage lender who did nothing wrong.  In 2006, Plaintiffs Roberta and Paul Alvarez ("Plaintiffs") borrowed over $425,000 from Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo's") predecessor in interest.  More than five years ago, Plaintiffs defaulted on their mortgage.  Then, after twice filing for bankruptcy, Plaintiffs filed this Complaint in an effort to further delay foreclosure.  Plaintiffs purport to allege eleven claims for relief, which generally assert that:  (1) Plaintiffs' mortgage broker misrepresented facts in connection with the 2006 origination of the loan; (2) beginning in 2008, Wells Fargo "maliciously toyed with plaintiffs during the loan modification process"; (3) Wells Fargo did not contact Plaintiffs to advise them of foreclosure alternatives prior to recording a Notice of Default in 2009; (4) Wells Fargo violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to a supposed qualified written request ("QWR"); (5) Wells Fargo failed to disclose the terms of Plaintiffs' loan at origination; and (6) Wells Fargo breached its contract with the government by failing to provide Plaintiffs a loan modification.  Based on these general allegations, Plaintiffs purport to assert claims against Wells Fargo for: (a) fraud and deceit; (b) violation of Civil Code § 2923.5; (c) violation of RESPA; (d) violation of the Truth in Lending Act ("TILA"); (e) violation of Business & Professions Code § 17200 ("UCL"); (f) breach of contract; (g) breach of the implied covenant of good faith; (h) breach of fiduciary duty; (i) declaratory relief; (j) rescission; and (k) quiet title.  Plaintiffs' scattershot Complaint fails to state a claim against Wells Fargo for numerous reasons.

*First*, Plaintiffs are estopped to bring their claims because they did not disclose them in either of the two bankruptcy actions they filed as part of their previous efforts to delay foreclosure.  *Hamilton v. State Fire & Cas. Co.*, 270 F.3d 778, 784-85 (9th Cir. 2001) (a debtor who fails to disclose potential claims is estopped from claiming the benefit of such claims after the case is closed); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978

F.2d 555, 557 (9th Cir. 1992) (as a matter of law, a debtor is estopped to bring lender liability claims not disclosed in a bankruptcy petition).

*Second*, with the exception of their RESPA claim, Plaintiffs' causes of action all relate to conduct that occurred prior to August 2009 and are, therefore, time-barred.

*Third*, Plaintiffs' fraud-based claims fail because the Complaint does not allege any actionable misrepresentation, or that Plaintiffs reasonably relied on such a misrepresentation.

*Fourth*, Plaintiffs' RESPA claim fails because the purported QWR Plaintiffs describe does not constitute a qualified written request as a matter of law.  Moreover, Plaintiffs do not plead the resulting damages necessary to support their claim.

*Fifth*, Plaintiffs' TILA claim fails because, as a member of a class action, Plaintiffs released that claim.

*Sixth*, Plaintiffs' contract claim fails because Plaintiffs lack standing to enforce Wells Fargo's agreement with the government.

*Seventh*, Plaintiffs' fiduciary duty claim fails because lenders do not owe borrowers a fiduciary duty.

*Eighth*, Plaintiffs' remaining claims for violation of UCL, breach of the implied covenant, declaratory relief, rescission, and quiet title are all derivative of the Complaint's other defective causes of action, and should be dismissed for the same reasons.

Viewed from any angle, Plaintiffs have not stated a valid claim against Wells Fargo. They cannot amend their Complaint to do so.  The Court should dismiss Plaintiffs' Complaint *with prejudice*.

## II.   ALLEGATIONS OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

### A.   Plaintiffs Admittedly Default On Their Loan Obligation.

In August 2006, Plaintiffs borrowed $426,000 from World Savings Bank FSB ("World Savings"), evidenced by a Promissory Note and secured by a Deed of Trust to

Plaintiffs' property located at 1180 Plymouth Ave, San Francisco, CA 94112-2314 (the "Property"). (Wells Fargo Request for Judicial Notice ("RJN") Ex. A.)

On or around November 19, 2007, World Savings became Wachovia Mortgage, FSB. (RJN Ex. B.) Approximately two years later, Wachovia Mortgage, FSB became Wells Fargo Bank, N.A. (RJN Ex. C.). Thus, as the Complaint acknowledges, Wells Fargo is the current holder of Plaintiffs' mortgage. (Compl. ¶¶ 2-3.)

By September 2008, Plaintiffs fell behind on their loan payments and defaulted on their mortgage. (Compl. ¶ 31.) When Plaintiffs failed to bring their loan current, on July 31, 2009 Wells Fargo recorded a Notice of Default. (Compl. ¶ 34.) Nearly five years later, on February 19, 2014, Plaintiffs filed this case in San Francisco County Superior Court.

### B.   Plaintiffs Fail To Disclose The Claims They Now Bring In Either Of Their Bankruptcy Cases.

Plaintiffs filed a Chapter 7 bankruptcy on October 22, 2010. (RJN Ex. D.) Plaintiffs' schedules did not disclose the claims they now bring against Wells Fargo. (*Id.*) Plaintiffs amended their schedules on December 13, 2010. (RJN Ex. E.) Again, Plaintiffs did not disclose their claims. (*Id.*) On January 6, 2011, Wells Fargo filed a Motion for Relief from the Automatic Stay, so that it could foreclose. (RJN Ex. F.) On February 1, 2011, the court issued an order discharging Plaintiffs' unsecured debts. On February 9, 2011, the court granted the bank's Motion for Relief from the Automatic Stay. (RJN Exs. G, H.)

On January 4, 2012, Plaintiff Roberta Alvarez filed a second bankruptcy action. (RJN Ex. I.) Again, she took advantage of the automatic stay to further delay foreclosure. Also as before, Ms. Alvarez did not disclose the claims she now attempts to bring against her lender. (*Id.*) On January 15, 2012, the bankruptcy court dismissed Ms. Alvarez's second bankruptcy case because she failed to file the required papers. (RJN Ex. J.)

Additional allegations pertaining to specific claims for relief are discussed below.

III.    **ANALYSIS**

      **A.    Legal Standard On Motion To Dismiss.**

      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where a plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "A complaint may be dismissed as a matter of law for one of two reasons:  (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim."  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

      In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true the factual allegations of the complaint, but a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast as factual allegations.  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a Claim for Relief will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Further, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570) (citation omitted).  Where a complaint names multiple defendants, the plaintiff must distinguish among the defendants to show how each defendant engaged in actionable conduct.  *See, e.g., Blanco v. Am. Home Mortg. Servicing, Inc.*, No. CIV-2-09-578-WBS-DAD, 2009 U.S. Dist. LEXIS 119338, at *16 (E.D. Cal. Dec. 4, 2009) (dismissing negligence claim where complaint "groups together accusations against all defendants, and is completely unclear as to how [each defendant] somehow breached a duty . . . to plaintiff").  For the purposes of evaluating a motion to dismiss,  the court may disregard allegations that contradict facts set forth in exhibits to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

1     In this case, the Complaint fails to plead facts showing any entitlement to relief

2   against Wells Fargo and fails to state a claim to relief that is "plausible on its face."  Thus,

3   the Court should grant this Motion.

4     **B.      Plaintiffs Are Estopped To Bring The Claims They Failed To Disclose In**

5           **Their Bankruptcy Proceedings.**

6     "Judicial estoppel is an equitable doctrine that precludes a party from gaining an

7   advantage by asserting one position, and then later seeking an advantage by taking a

8   clearly inconsistent position." *Hamilton*, 270 F.3d at 783.  In the bankruptcy context, a

9   party is estopped from asserting a cause of action not identified as an asset in a debtor's

10  schedules or disclosure statements.  *Id*., *citing Hay*, 978 F.2d at 557.  The Ninth Circuit

11  articulated the following reason for this hard and fast rule:

12          The rationale for … decisions [invoking judicial estoppel to
            prevent a party who failed to disclose a claim in bankruptcy
13          proceedings from asserting that claim after emerging from
            bankruptcy] is that the *integrity of the bankruptcy system*
14          *depends on full and honest disclosure by debtors of all of their*
            *assets.*  The courts will not permit a debtor to obtain relief from
15          the bankruptcy court by representing that no claims exist and
            then subsequently to assert those claims for his own benefit in
16          a separate proceeding.  *The interests of both the creditors, who*
            *plan their actions in the bankruptcy proceeding on the basis of*
17          *information supplied in the disclosure statements and the*
            *bankruptcy court, which must decide whether to approve the*
18          *plan of reorganization on the same basis, are impaired when*
            *the disclosure  provided by the debtor is incomplete.*
19

20

21  *Hamilton*, 270 F.3d at 785 (emphasis in original), *citing In re Coastal Plains*, 179 F.3d

22  197, 208 (5th Cir. 1999).

23    Courts routinely apply the foregoing principles to reject a debtor's post-bankruptcy

24  attempt to sue their lender for claims that arose before or during the bankruptcy.  For

25  example, in *Hay*, the Ninth Circuit affirmed the district court's grant of summary judgment

26  against the debtor corporation, barring its cause of action against its lender for prepetition

27  acts.  978 F.2d at 557.  The court based its decision on the fact that the debtor corporation

28  did not schedule any cause of action against the lender in its bankruptcy petition or

amendments.  *Id*.  The court reasoned that this lack of disclosure, alone, justified the grant of summary judgment against the debtor:

> The record establishes that plaintiff…learned of the facts that led to the discovery of [the debtor's] claims sometime during the month preceding the month in which the [debtor's] reorganization plan was confirmed.
>
> We recognize that *all* facts were not known to [the debtor] at that time, but enough was known to require notification of the existence of the asset to the bankruptcy court…
> Failure to give the required notice estops [the debtor] and justifies the grant of summary judgment to the defendant.

*Id*.

In *In re Heritage (Heritage Hotel Ltd. P'ship v. Valley Bank of Nevada)*, 160 B.R. 374, 378 (B.A.P. 9th Cir. 1993), the Ninth Circuit confirmed this analysis.  In that case, the debtor failed to disclose potential claims against its lender during the course of the bankruptcy proceedings and then asserted those claims after the conclusion of the bankruptcy.  *Id*. at 379.  The district court granted the lender's motion to dismiss on the grounds that the debtor's claims were barred by the doctrine of collateral estoppel.  The debtor appealed and the Ninth Circuit affirmed.  In so doing, it relied heavily on the reasoning set forth in *Hay*, and concluded "Heritage could and should have identified any such lender liability claims and raised them, during the pendency of the bankruptcy case…" *Id*.  Failure to do so warranted dismissal.  *Id*.; *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 419 (3d Cir. 1988) (failure to describe potential claims against lender as an asset during bankruptcy proceeding barred later independent action).

The facts of this case closely resemble those that the Ninth Circuit held warranted dismissal in *Hay* and *In re Heritage*.  With the exception of their RESPA claim, the claims Plaintiffs attempt to bring against Wells Fargo accrued before they filed their bankruptcy petitions.  (Compl. ¶¶ 59, 69, 83, 95-100, 104, 111, 115, 124, 128.)  Nonetheless, neither of Plaintiffs' bankruptcy Schedules of Assets and Liabilities ("Schedules"), nor the amendment thereto, listed as an asset the claims Plaintiffs now bring against Wells Fargo.

(RJN Exs. D, E, I.)  To the contrary, <u>Plaintiffs' bankruptcy Schedules explicitly stated that Plaintiffs had no assets</u> that were available for distribution to creditors.  By concealing their claims against Wells Fargo, Plaintiffs obtained a discharge of their debt while paying their creditors nothing.  Justly, the law provides that Plaintiffs' failure to disclose the claims they now bring mandates that the Court dismiss the Complaint.  *In re Heritage*, 160 B.R. at 378; *Hay*, 978 F.2d at 557.

### C.     Plaintiffs' Claims Fail For Numerous Additional Reasons.

#### 1.     Plaintiffs' First Claim For Fraud & Deceit Claim Fails.

##### (a)     The Claim Is Time-Barred.

Plaintiffs' fraud claim also fails because it is time-barred.  The statute of limitations on a fraud claim is three years.  Cal. Code Civ. Proc. §§ 338(a); *see, also*, *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010)(holding that fraud-related claims filed more than four years after the loan's origination were time-barred).  Here, Plaintiffs allege that they attempted to cancel their loan in 2006 after their broker falsified loan documents and misrepresented facts regarding the loan's terms.  (Compl. ¶¶ 58, 61, 66, 68.)  Because Plaintiffs admit both that their fraud claims accrued in 2006, and that they learned of the supposed fraud in 2006, the statute of limitations bars their claims.

Plaintiffs cannot cure this defect by amending to allege delayed discovery.  "In order to rely on the discovery rules for delayed accrual of a cause of action, 'a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show:  (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligences."  *Espinoza v. Recontrust Co. N.A.*, Case No. 09-CV-1687- IEG (RBB), 2009 U.S. Dist. LEXIS 38484, at *10-11 (S.D. Cal. April 19, 2010) (*citing Fox v. Ethicon Endo-Surgery, Inc*, 35 Cal. App. 4th 797, 806 (2005).  The plaintiff bears the burden of showing diligence.  *Id.* at *11.  Conclusory allegations will not withstand dismissal.  *Macris v. Bank of Am., N.A.*, Case No. CV F 11-1986 LJO SKO, 2012 U.S. Dist. LEXIS 10633, at *25 (E.D. Cal. Jan. 27, 2012).  "[I]n order to adequately allege facts

supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigations of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Espinoza*, 2009 U.S. Dist. LEXIS 38484, at *11.  "'[P]laintiffs are charged with presumptive knowledge of any injury if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation.'"  *Id.* at *12.

Here, Plaintiffs admit necessarily that they were aware of the alleged fraud within days of the loan's origination, and even go so far as to allege that they attempted to rescind the transaction in 2006 based on that fraud.  (Compl. ¶¶ 23, 65-68.)  These admissions preclude Plaintiffs from ever pleading the elements of delayed discovery.

### (b)   Plaintiffs Do Not Plead Fraud With Particularity.

"Rule 9(b) requires that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'"  *Nguyen*, 749 F. Supp. 2d at 1036 (citing Fed.R.Civ.P. 9(b)); *Vess v. Ciba-Geigy, Inc.*, 317 F.3d 1097, 1106 (9th Cir. 1997) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong.'").  This specificity requirement applies to all claims that sound in fraud, including claims for rescission based on fraud and unfair business practices claims that rely on supposedly fraudulent conduct.  *See, e.g., Kearns v. Ford Motor Corp.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (unfair business practices claims that sound in fraud "must satisfy the particularity requirement of Rule 9(b)."); *Nguyen*, 749 F. Supp. 2d at 1037-1308 (holding that plaintiff's Section 17200 claim is not sufficiently particular to satisfy the pleadings standard where plaintiff does "not distinguish between Defendants with respect to the conduct alleged [and] alleges that Defendants made improper disclosures, but fails to allege any particular facts to support that claim").

Here, Plaintiffs do not allege any misrepresentations by Wells Fargo. Nor do they assert when or where such misrepresentations occurred, what exactly was said, or any other facts sufficient to support their fraud-based claims. To the extent Plaintiffs intend to attempt to hold Wells Fargo liable for the vaguely alleged fraud of Plaintiffs' own mortgage broker, their conclusory agency allegations are insufficient to survive this pleadings challenge. *See, e.g, Buick v. World Sav. Bank*, 637 F. Supp. 2d 765, 776 (E.D. Cal. 2008) (holding that boilerplate agency allegations were insufficient to hold World Savings vicariously liable for statements of mortgage broker, particularly given the fact that World Savings' broker agreement stated that brokers were not the bank's agents).

**D.     Plaintiffs' Second Claim For Violation Of Section 2923.5 Fails.**

The statute of limitations on a claim for breach of an obligation imposed by statute is three years. Cal. Code Civ. Proc. § 338(a). Plaintiffs allege that Wells Fargo violated Section 2923.5 when it "served plaintiffs with a Notice of Default recorded on July 28, 2009." (Compl. ¶ 84.) Plaintiffs, however, filed this action well over four years after Wells Fargo recorded the Notice of Default. Accordingly, their claim is time-barred. *Id.* This rule makes good sense because, if Plaintiffs had raised an objection to the Notice of Default sooner, Wells Fargo could have evaluated the objection and, if necessary, recorded a new Notice that mooted Plaintiffs' (meritless) claim. Both law and fundamental principles of fairness require dismissal of Plaintiffs' untimely Section 2923.5 claim.

**E.     Plaintiffs' RESPA Claim Fails.**

Plaintiffs assert that, on or about February 5, 2014, they "sent defendant Wells Fargo a Qualified Written Request for documents relating to the servicing of the loan due to concerns of predatory lending as well as Validation of Debt. Defendant lender has not responded to the request…" (Compl. ¶ 49.) Plaintiffs' resulting RESPA claim suffers from two flaws, each fatal.

As a threshold matter, Plaintiffs' February 5, 2014 letter did not constitute a QWR as defined by RESPA and, therefore, imposed no obligation on Wells Fargo. "In order for a correspondence to be deemed a Qualified Written Request, the correspondence must

(1) include, or otherwise enable the loan servicer to identify, the name and account of the borrower, and (2) include a statement of the reasons for the borrowers' belief that the account is in error or provide sufficient detail to the loan servicer regarding other information sought by the borrower." *Zander v. Ace Mortg. Funding LLC*, No. EDCV 11-1370-CAS (DTBx), 2012 U.S. Dist. LEXIS 24104, at *11-12 (C.D. Cal. Feb. 23, 2012) (citing 12 U.S.C. § 2605(e) and dismissing RESPA claim with prejudice where plaintiffs failed to "demonstrate that the subject correspondence asserted any errors regarding the actual servicing of the loan").

Here, Plaintiffs' purported QWR failed to identify any specific error regarding the servicing of the loan.  (Compl. ¶¶ 49, 89.).  Because Plaintiffs' letter did not relate to the servicing of the loan, it was not a QWR and Wells Fargo was not obligated to respond to it. *Eng v. Bank of Am. Home Loans*, No. C 09-3657 PJH, 2010 U.S. Dist. LEXIS 30440, at *2 (N.D. Cal. Mar. 30, 2010) (holding that plaintiff failed to state a RESPA claim where purported QWR "did not demand information about loan servicing or identify any RESPA servicing issue."); *Lawther v. OneWest Bank*, No. C 10-0054 RS, 2010 U.S. Dist. LEXIS 131090, at *17 (N.D. Cal. Nov. 30, 2010) ("A loan servicer only has a duty to respond if the information request is related to loan servicing.").

Furthermore, "[a] claim of a RESPA violation cannot survive a motion to dismiss when the plaintiff does not plead facts showing how the plaintiff suffered actual harm due to defendants' failure to respond to a qualified written response." *Fullmer v. JPMorgan Chase Bank, NA*, No. 2:09-cv-1037 JFM, 2010 U.S. Dist. LEXIS 3551, at *15 (E.D. Cal. Jan. 5, 2010).  Plaintiffs do not event attempt to establish that Wells Fargo's supposed failure to respond to a QWR somehow damaged them.  Their RESPA claim fails for this reason as well.

In short, Plaintiffs' own allegations make clear that Plaintiffs can never state a plausible RESPA claim against Wells Fargo.  The Court should dismiss this claim with prejudice.

## F.     Plaintiffs' TILA Claim Fails.

Plaintiffs claim that Wells Fargo violated TILA by failing to disclose their loan's terms and refusing to rescind the loan back in 2006.  (Compl. ¶¶ 95-96. 100.)  These claims are barred by TILA's one year statute of limitations on damages claims, and three year statute of repose on rescission claims.  15 U.S.C. § 1640(e) ("any action under this section may be brought…within one year from the date of the occurrence of the violation…"); *Rusdisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir. 1980) (one year statute on TILA claim begins to run when credit transaction is completed and debtor's action for damages was therefore time-barred where promissory note was signed more than one year before debtors filed complaint); *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1326 (2012) ("15 U.S.C. § § 1635(f) is a three year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan secured by the first deed of trust").

Moreover, Plaintiffs' TILA claim is barred by contract and *res judicata* because, as members of a class action, Plaintiffs already litigated and settled the claims they now purport to bring.  (RJN Exs. K-M [class action settlement releasing claims related to Pick-A-Pay loan origination].) *See, also, Shaterian v. Wells Fargo Bank*, No. C-11-920 SC, 2011 U.S. Dist. LEXIS 62165, at *11 (N.D. Cal. June 10, 2011) ("If Plaintiff has not opted out of [the Class Action Settlement], then he has released all claims and has no standing to bring this action.").  Plaintiffs do not allege they opted out of this class.

Plaintiffs' TILA claim is untimely and Plaintiffs already released that claim, in any event.  The Court should dismiss Plaintiffs' TILA claim with prejudice.

## G.     Plaintiffs' UCL Claim Fails.

Plaintiffs assert that Wells Fargo violated the UCL by failing to comply with California's Homeowners Bill of Rights when, "[c]ommencing in 2009," the bank failed to act in good faith in evaluating Plaintiffs for a loan modification.  (Compl. ¶ 104.) Plaintiffs' UCL claim is time-barred because, by Plaintiffs' own admission, the cause of action first accrued in 2009 and Plaintiffs did not file this action until more than four years

later.  Cal. Bus. & Prof. Code § 17208 (providing a UCL claim must be brought within four years of accrual).

In addition, Plaintiffs lack standing to bring their UCL claim because they do not allege that Wells Fargo's supposed unlawful conduct caused them to suffer any "loss of money or property."  Cal. Bus. & Prof. Code § 17200 (following Proposition 64, requiring that a plaintiff have suffered loss of money or property as a result of the alleged unlawful act); *Daro v. Super. Ct.*, 151 Cal. App. 4th 1079, 1099 (2007) (dismissing claim under UCL; plaintiff must demonstrate a "causal connection between the harm suffered and the unlawful activity").

### H.    Plaintiffs' Breach of Contract Claim Fails.

Plaintiffs also allege that Wells Fargo breached a Servicer Participation Agreement ("SPA") with the federal government by denying them a loan modification.  (Compl. ¶¶ 110-11.)  This argument fails for four reasons.  First, Plaintiffs' contract claim is barred by the statute of limitations because the claim accrued when Wells Fargo first denied Plaintiffs for a modification in 2009, but Plaintiffs did not file this action until nearly five years later.  Cal. Code Civ. Proc. § 337(1) (statute of limitations on breach of written contract and is four years).  Second, Plaintiffs admit that they did not qualify for a modification, in any event, because they did not meet the NPV requirement.  (Compl. ¶ 111.)  Thus, they do not plead a breach.  Third, courts agree that borrowers such as Plaintiffs are not third party beneficiaries under agreements between lenders and the government.  *See, e.g., Graybill v. Wells Fargo Bank, N.A.*, No. C 12-05802 LB, 2013 U.S. Dist. LEXIS 34322, at *34 (N.D. Cal. Mar. 12, 2013) (adhering to "the weight of authority," which holds that borrowers are not third party beneficiaries with standing to bring a breach of contract claim based on a lender's supposed noncompliance with HAMP).  Fourth, Plaintiffs do not plead the material terms of the supposed agreement or attach that agreement to their Complaint.  *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 993 (2013) (contract must be attached to a complaint, or its essential terms

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

988697.03/LA

-12-

Motion to Dismiss

1   must be specifically pled, to withstand a pleadings challenge).  Plaintiffs' contract claim

2   fails for each and every one of these reasons.

3          **I.      Plaintiffs' Breach of Covenant Of Good Faith Claim Fails.**

4          Plaintiffs' Seventh Cause of Action alleges that Wells Fargo prevented Plaintiffs

5   from complying with their obligations under the operative loan agreements by violating

6   Civil Code section 2923.5 and failing to modify Plaintiffs' loan.  (Compl. ¶¶ 115, 118.)

7   This theory does not withstand scrutiny.  As a threshold matter, Plaintiffs' claim accrued

8   when Wells Fargo first denied Plaintiffs' application for a modification in 2009 and,

9   therefore, is barred by the applicable statute of limitations.  Cal. Code Civ. Proc. § 337(1)

10  (statute of limitations on breach of written contract is four years).  In addition, the claim

11  fails because Wells Fargo could not have prevented Plaintiffs from complying with their

12  loan obligations by requiring Plaintiffs to honor those loan obligations.  *Guz v. Bechtel,* 24

13  Cal. 4th 317, 349-50 (2000) ("The covenant…cannot impose substantive duties or limits

14  on the contracting parties beyond those incorporated in the specific terms of their

15  agreement.").  What is more, this claim is entirely derivative of Plaintiffs' other defective

16  causes of action, and fails for the reasons described above — *i.e.*, Plaintiffs do not attach

17  the contract to their Complaint.

18         **J.      Plaintiffs' Breach of Fiduciary Duty Claim Fails.**

19         Plaintiffs allege that Wells Fargo breached its fiduciary duty to them by not acting

20  honestly.  (Compl. ¶ 124.)  This claim fails because lenders do not owe their borrowers a

21  fiduciary duty.  Moreover, Plaintiffs fiduciary duty claim arose in 2006 when Wells Fargo

22  allegedly concealed material facts regarding the subject loan and is, therefore, barred by

23  the applicable statute of limitations.  Cal. Code Civ. Proc. § 343 (statute on breach of

24  fiduciary duty claim is four years).  Finally, Plaintiffs do not plead this claim with

25  particularity as Rule 9(b) requires.

26         **K.      Plaintiffs' Rescission, Declaratory Relief, And Quiet Title Claims Fail.**

27         Plaintiffs' final three claims for relief are time-barred because they all relate to

28  conduct that occurred in or before 2009.  Rylaarsdam & Turner, Cal. Prac. Guide: Civ.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

988697.03/LA

Motion to Dismiss

Pro. Before Trial – Statutes of Limitation, ¶ 2:7 (TRG 2013) (claim to quiet title based on fraud in the origination subject to Code of Civil Procedure § 338(a)'s statute of limitations, as opposed to § 318's five year statute); *Id.* at ¶ 2:20 ("The statute of limitations governing a declaratory relief action is the one applicable to an action on the underlying claim"); *Leeper v. Beltrami*, 43 Cal. 2d 195, 207-208 (1959) (three year statute of limitations applicable to fraud applies to action to quiet title based on an attempt to set aside a conveyance due to fraud or duress).  In addition, Plaintiffs do not plead any underlying claim that would entitle them to rescind their loan, a declaration that Wells Fargo violated any statute, or a judgment quieting title in the subject property.

Independently, these claims fail because Plaintiffs do not plead that they will tender the proceeds of the loan if they are awarded clear title, or the loan is rescinded.  *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal.App.3d 1214, 1225 (1985) ("[T]he law is long established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge the foreclosure sale."); *Alicea v. GE Money Bank*, No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure.").

## IV.   CONCLUSION

Plaintiffs' claims suffer from inherent defects that cannot be cured by amendment. The Court should not hesitate to dismiss the Complaint *with prejudice*.

Dated:  May 2, 2014

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP


By:     */s/ Keith D. Yandell*
KEITH D. YANDELL
Attorneys for Defendant Wells Fargo
Bank, N.A.